**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 04-4750**

─────────────

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

THOMAS JOSEPH DALTON,

                                    Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, District Judge. (CR-03-739)

─────────────

Submitted:  August 26, 2005          Decided:  October 5, 2005

─────────────

Before MOTZ and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

─────────────

H. Stanley Feldman, Charleston, South Carolina, for Appellant. Jonathan S. Gasser, Acting United States Attorney, Miller W. Shealy, Jr., Assistant United States Attorney, Charleston, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Thomas Joseph Dalton pled guilty, without a plea agreement, to one count of credit card fraud, in violation of 18 U.S.C. § 1029 (2000). The district court sentenced Dalton under the federal sentencing guidelines to 105 months' imprisonment and announced an alternative sentence of 120 months' imprisonment pursuant to our directive in United States v. Hammoud, 378 F.3d 426 (4th Cir.) (order), opinion issued by 381 F.3d 316 (4th Cir. 2004) (en banc), vacated, 125 S. Ct. 1051 (2005).

Dalton has appealed, challenging his sentence under the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005). Dalton preserved this issue by objecting to the presentence report based on Blakely v. Washington, 542 U.S. 296 (2004), and our review is de novo. See United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003). When a defendant preserves a Sixth Amendment error, we "must reverse unless we find this constitutional error harmless beyond a reasonable doubt, with the Government bearing the burden of proving harmlessness." Id. (citations omitted); see United States v. White, 405 F.3d 208, 223 (4th Cir. 2005) (discussing difference in burden of proving that error affected substantial rights under harmless error standard in Fed. R. App. P. 52(a), and plain error standard in Fed. R. App. P. 52(b)).

We conclude that Dalton is entitled to be resentenced under Booker,[1] as the Government concedes.[2] Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. See Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a)(2000), and then impose a sentence. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2)(2000). Id. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 547.

As Dalton raises no issues on appeal relating to his conviction, we affirm his conviction, vacate the sentence imposed by the district court, and remand for resentencing consistent with Booker. See Hughes at 546 (citing Booker, 125 S. Ct. at 764-65,

---

[1]Just as we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Dalton's sentencing.

[2]While the Government seeks to have this court impose the district court's stated alternative sentence, we find that such action on the part of this court would unduly constrain the district court's authority to impose a revised sentence. Accordingly, we decline to do so, leaving the imposition of a revised sentence for the district court's plenary consideration.

767 (Breyer, J., opinion of the Court)).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>,
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>